IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHN A. GLAVIN,

                Petitioner,                ORDER

v.

                                                10-mc-6-slc

UNITED STATES OF AMERICA,
INTERNAL REVENUE SERVICE,                     10-mc-7-slc
and WILLIAM CUNNINGHAM,
special agent,                                              10-mc-11-slc

                Respondents.

---

In March 2010, John A. Glavin petitioned the court to quash three administrative summons issued by respondent Internal Revenue Service. The court denied the motion in Case No. 10-mc-05 but through an oversight did not rule at that time on the summonses challenged in Case Nos. 10-mc-06 & -07. The court caught this oversight when on June 4, 2010, Glavin filed another petition to quash in Case No. 10-mc-11.

The IRS issued these in connection with an IRS investigation of petitioner's tax liability for 2001–2008. A summons, if challenged, must meet the requirements for enforcement set out in *United States v. Powell*, 379 U.S. 48, 57-58 (1964). The Seventh Circuit has long applied the four operative factors from *Powell* to guide the judicial enforcement of a summons:

> [T]he government must make a prima facie case that the IRS issued the summons in good faith.... The government must only show: the investigation underlying the summons has a legitimate purpose; the information sought may be relevant to that purpose; the information is not already in the IRS's hands; and the IRS has followed the statutory steps for issuing a summons. The government typically makes that showing through the affidavit of the revenue agent conducting the audit.

*2121 Arlington Heights Corp. v. IRS*, 109 F.3d 1221, 1224 (7th Cir. 1997) (citations omitted).

If the government meets its burden, then the onus shifts to the taxpayer to show that enforcement of the summons would constitute an abuse of process. *Id.* The taxpayer can show that by disproving the existence of one of the *Powell* factors or pointing to specific facts indicating that the IRS issued the summons in bad faith. *See United States v. Stuart*, 489 U.S. 353, 360 (1989); *2121 Arlington Heights*, 109 F.3d at 1224.

Respondent William Cunningham, an IRS special agent, has submitted declarations in Case Nos. 10-mc-06 & -07 stating that the IRS is investigating whether petitioner has paid his tax liability for the years 2001-2008, that the records described in the summons are necessary for the investigation, that the IRS did not already have this information and that the IRS complied with the tax code when it issued the summons. This satisfies the *Powell* factors.

Petitioner fails to show that enforcement of the summons in Case Nos. 10-mc-06 & -07 would constitute an abuse of process. In his petitions, petitioner raises only long-discredited "sovereign citizen" arguments, such as that sovereign citizens are not citizens of the United States or that the IRS's 1040 form is illegitimate. These petitions are virtually identical to the one he filed in Case No. 10-mc-05. Petitioner failed to file replies to respondents' briefs in opposition. Because petitioner has failed to show an abuse of process, I will deny his motions to quash the summons in Case Nos. 10-mc-06 & -07.

In addition, respondents request that respondents IRS and Cunningham be dismissed from Case Nos. 10-mc-06 & -07, leaving the United States as the only respondent. I will grant these motions. The IRS is not a suable entity. *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treas. Dept. of U.S.*, 530 F.2d 672, 673 n. 3 (5th Cir. 1976.) Further, Cunningham must be dismissed because a suit complaining of actions taken by a respondent in his official capacity as

an agent of the United States is in fact one against the United States. *Atkinson v. O'Neil*, 867 F.2d 589, 590 (10th Cir. 1989).

Finally, I must address the fact that petitioner has filed yet another motion to quash in Case No. 10-mc-11 even though he has raised only frivolous arguments in his previous motions and has repeatedly failed to respond to the government's briefs. The court cannot continue to waste judicial resources on petitioner's frivolous motions to quash. Therefore, should petitioner file any additional motions to quash that parrot his previous filings, I will immediately issue an order quashing them, without need for the government to respond. In order for the court to consider future motions to quash, petitioner will have to explain why the summons would constitute an abuse of process, raising bonafide legal arguments rather than long-discredited sovereign citizen theories. As for Case No. 10-mc-11 itself, I will give petitioner until June 18, 2010 to submit a brief explaining why his motion should not be denied. After receiving this brief I will decide whether the government will need to respond.

ORDER

It is ORDERED that:

(1)  Petitioner's motions to quash the administrative summonses issued by respondent Internal Revenue Service in Case Nos. 10-mc-06 & -07 are DENIED. The subjects of the summonses in those cases are hereby ordered to comply with those summonses.

(2)  Respondents' motions to dismiss respondents Internal Revenue Service and William Cunningham in Case Nos. 10-mc-06 & -07 are GRANTED.

(3)  In Case No. 10-mc-11, petitioner will have until June 18, 2010 to submit a brief explaining why his motion should not be denied.

(4) All future identical motions to quash brought by petitioner will be immediately denied without need for the government to respond unless so ordered by the court.

Entered this 4th day of June, 2010.

                                                    BY THE COURT:

                                                   /s/

                                                   STEPHEN L. CROCKER
                                                 Magistrate Judge